# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FARRUGIA, | CASE NO. 1:08-cv-00053-OWW-YNP PC |
| Plaintiff, | ORDER DENYING MOTIONS |
| v. | (Doc. 13, 14, 18) |
| BILL LOCKYER, et al., | |
| Defendants. | |

Plaintiff Thomas Farrugia ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999 (1971). Plaintiff has filed three motions currently pending before the Court. On April 10, 2009, Plaintiff filed a motion requesting that the Court order Defendants to provide "their attorney(s) of record and the address at which they are to be served." (Doc. #13.) On the same day, Plaintiff filed a motion "to expedite the release of samples of trial exhibits." (Doc. #14.) On September 21, 2009, Plaintiff filed a motion "for a waiver of service of the summons." (Doc. #18.)

**I.   Discussion**

    **A.   Motion Requesting Attorneys of Record and Addresses**

The Court advises Plaintiff that Defendants have not yet been served with a copy of Plaintiff's complaint or a summons. Defendants, and their attorneys, have not otherwise made an appearance in this action. In an order issued concurrently with this order, the Court screened Plaintiff's complaint and dismissed it for failure to state any claims. As such, any attempts to obtain

1 Defendants' "attorney of record" or to obtain an address where Defendants can be served is
2 premature. The Court also notes that Plaintiff is apparently aware of Defendants' work addresses,
3 as Plaintiff indicated that he mailed a copy of his motion to Defendants at those addresses. If and
4 when the Court orders the U.S. Marshal to serve Defendants with a copy of Plaintiff's complaint and
5 a summons, Defendants' work addresses will likely be sufficient to facilitate service.

### B. Motion Requesting Expedited Treatment

Plaintiff requests that the Court expedite the proceedings in this case because he is seeking the release of certain trial exhibits that will prove that he was wrongly convicted. As detailed in the screening order issued concurrently with this order, it does not appear that this civil lawsuit is the proper avenue for obtaining the relief that Plaintiff seeks. Though it may be theoretically possible for Plaintiff to obtain the evidence through discovery or prospective injunctive relief in a civil lawsuit, an action under section 1983 or Bivens is premised on the violation of Plaintiff's constitutional rights. It is not the general process for seeking post-conviction access to exculpatory evidence. As to the merits of Plaintiff's motion, Plaintiff has not identified any legal basis that authorizes the expedited treatment of Plaintiff's lawsuit. Plaintiff's motion will be denied.

### C. Motion Requesting Waiver of Service

Plaintiff, by motion to the Court, requests that Defendants waive service under Federal Rule of Civil Procedure 4(d). Plaintiff is advised that requests for waiver of service are directed toward Defendants, not toward the Court. The Court cannot force a party to waive service. Plaintiff is also advised that if and when the Court determines that service of Plaintiff's complaint is appropriate, the Court will direct the U.S. Marshal to facilitate service of Plaintiff's complaint on Plaintiff's behalf and will request a waiver of service on Plaintiff's behalf. Plaintiff's motion will be denied.

## II. Conclusion and Order

The Court finds that Plaintiff is not entitled to the relief that he seeks in his motions. Plaintiff's motion requesting the names of Defendants' attorneys of record and addresses where Defendants may be served is premature. Plaintiff's motion requesting expedited treatment of this case fails to identify any legal authority that provides for expedited treatment of this case. Finally, Plaintiff's motion requesting waiver of service is improper.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion requesting attorneys of record and service addresses, filed on April 10, 2009, is DENIED;

2. Plaintiff's motion requesting expedited treatment of this case, filed on April 10, 2009 is DENIED; and

3. Plaintiff's motion requesting waiver of service, filed on September 21, 2009 is DENIED.

IT IS SO ORDERED.

Dated: **February 16, 2010**  /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE