UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

THOMAS FARRUGIA,

Plaintiff,

v.

BILL LOCKYER, et al.,

Defendants.

_________________________________/

CASE NO. 1:08-cv-00053-OWW-MJS (PC)

COMPLAINT DISMISSED WITH LEAVE TO AMEND

(ECF No. 26)

FOURTH AMENDED COMPLAINT DUE WITHIN THIRTY DAYS

**SCREENING ORDER**

**I. PROCEDURAL HISTORY**

Plaintiff Thomas Farrugia ("Plaintiff") is a federal prisoner proceeding pro se in this civil rights action filed against state actors pursuant to 42 U.S.C. § 1983 and against federal actors pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff originally filed this action on January 11, 2008. (ECF No. 1.) He has since filed three amended complaints (in June 2008, July 2009, and April 2010). (ECF Nos. 10, 17, & 26.) The amended complaint filed in July 2009 was

dismissed with leave to amend on February 16, 2010.  (ECF No. 20.)

No other parties have appeared in this action.

Plaintiff's Third Amended Complaint filed April 16, 2010 is now before the Court for screening.  For the reasons stated below, the Court finds that Plaintiff has not stated a claim upon which relief may be granted.

## II.     SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).   While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

## III. SUMMARY OF COMPLAINT

Plaintiff is claiming a violation of his right to due process under the Fourteenth Amendment, though he categorizes his claim as one under the Fifth Amendment. Plaintiff names the following individuals as Defendants: Bill Lockyer, Attorney General for the State of California at the time the complaint was filed; Bureau of Narcotic Enforcement, California Board of Justice; Elizabeth A. Egan, Fresno County District Attorney; Benjamin B. Wagner, United States Attorney for the Eastern U.S. District of California, Fresno Division; and Kevin P. Rooney, Assistant U.S. Attorney.

Plaintiff alleges as follows: Defendant Rooney was the prosecutor during Plaintiff's criminal trial in June 1994. Plaintiff was charged with conspiring to manufacture a controlled substance and possessing listed chemicals to manufacture the controlled substance. The listed chemical, ephedrine, was found in three places: Lancaster, Oakley, and Fresno. The chemical found in each location was identified as a separate exhibit at trial, 3-A, 5-A, and G-1. After the trial began, Defendant Rooney switched identification markers on two of the exhibits. The Fresno substance was never tested by the prosecution's state chemist or federal chemists. The purity and weight are unknown and/or were not shown at trial. The Lancaster substance was tested and found to contain ephedrine. The purity and weight are unknown and/or were not shown at trial. Plaintiff has tried many times to gain access to the three exhibits; fifty-five requests appear on the docket. Plaintiff's previous counsel also attempted to gain access for testing. (ECF No. 26, p. 25; Pl.'s Compl. exh. 10.) Defendant Rooney responded that as of November 1, 1999, the seized material could not be located. (ECF No. 26, p. 26; Pl.'s Compl. exh. 11.) In response to another request by Plaintiff in August 2003 Defendant Rooney stated that

exhibit G-1's location was unknown, but that 3-A and 5-A were in the custody of the California Department of Justice, Bureau of Narcotic Enforcement. (ECF No. 26, p. 27, Pl.'s Compl. exh. 12.)

According to Plainitff, Defendant Lockyer is named in this action because he has authority to admit or deny access to evidence. Defendant Egan is named in this action because she is the primary custodian of the evidence requested for testing. Defendant Wagner is named in this action because he has primary supervisory authority of Defendant Rooney's actions or inactions pertaining to the claims made herein.

Plaintiff seeks access to physical evidence used in his original criminal trial. Plaintiff would like access so he can test the substances found and determine the "true source" of the three powders, along with chemical composition, weights, PH level, buffers used, binding agents, and other adulterants that would distinguish the powders found at Fresno and Oakley from the Lancaster powder. The results, he claims, could be exculpatory as he claims that the substances were chemically misidentified and misrepresented at trial.

Plaintiff seeks injunctive relief from this Court directing Defendant Rooney and all other Defendants to provide Plaintiff or his representative access to the actual Fresno, Lancaster, and Oakley exhibits to be weighed and chemically analyzed. Plaintiff further states that, in testing the materials, he and/or his representative will abide by all necessary procedures to preserve the integrity of the evidence and that he will bear all costs associated with testing.

**IV. <u>ANALYSIS</u>**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or

> causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

Plaintiff alleges that Defendants are continuing to deny him access to evidence for testing from his criminal trial.

As pleaded, Plaintiff's claims are foreclosed by the Supreme Court's decision in District Attorney's Office for the Third Judicial District v. Osborne,129 S.Ct. 2308, 2319-23 (2009). In Osborne, the Court held that there was not a federal constitutional right to obtain post-conviction access to the state's evidence for DNA testing. In particular, an inmate has no substantive due process right to obtaining DNA evidence after his conviction. Id. at 2322-23. Instead, an inmate claiming a due process violation with regard to post-conviction DNA testing must show that he has a protected liberty interest created by the laws of his state "to prove his innocence even after a fair trail has proved otherwise." Id. at 2319. If he can make such a showing, he must then demonstrate that the state's procedure for obtaining DNA evidence is constitutionally inadequate because it "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental, or transgresses any recognized principle of fundamental fairness in operation." Id. at 2320. Because a convicted prisoner has a lesser liberty interest than a criminal defendant who has yet to be convicted, the state correspondingly has more flexibility in demanding what procedural protections to afford in the context of a criminal

trial. Id.

Here, Plaintiff alleges and provides some documentation that he has made multiple attempts to gain access to the evidence at issue. However, he has again failed to identify an applicable liberty interest created by California state law. In Osborne, there was a specific state statute dealing with DNA testing and access to evidence for the purposes of post-conviction proceedings. Here, Plaintiff does not identify, and the Court is unaware of, any similar California statute directing that Plaintiff have access to non-DNA exhibits to be able to retest them. As pleaded, Plaintiff has not stated a claim that is cognizable under Section 1983. The Court will grant Plaintiff one more opportunity to amend and attempt to state such a claim.

## V.    CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon which relief may be granted. The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims or defendants. Plaintiff should focus the amended complaint on claim and defendants discussed herein.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Fourth Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2. Plaintiff shall caption the amended complaint "Fourth Amended Complaint" and refer to the case number 1:08-cv-53-OWW-MJS (PC); and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: January 24, 2011

/s/ Michael J. Seng
UNITED STATES MAGISTRATE JUDGE

ci4d6